UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EILEEN WIEDEMAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.,<br><br>　　　　　　Defendants. | Case No. 2:12-cv-01169-MMD-CWH<br><br>ORDER<br><br>(Defs,' Motion to Stay – dkt. no. 9)<br>Plf.'s Motion to Remand – dkt. no. 10<br>Plf.'s Motion to Expedite Decision<br>Regarding Plf.'s Motion to Remand<br>– dkt. no. 22) |

Before the Court are Defendants DePuy Orthopaedics, Inc.'s ("DePuy"), Johnson & Johnson Services, Inc.'s ("Johnson & Johnson"), and Precision Instruments, Inc.'s ("Precision") Motion to Stay (dkt. no. 9) and Plaintiff Eileen Wiedeman's Motion to Remand (dkt. no. 10) and Motion to Expedite Decision Regarding her Motion to Remand (dkt. no. 22).

I.　BACKGROUND

On July 10, 2009, Plaintiff was implanted with a hip implant manufactured by Defendant DePuy, known as the "ASR hip." (Dkt. no. 1-1 at ¶ 48.) Plaintiff alleges that Defendant Precision was the distributor of the ASR hip. (*Id.* at ¶ 13.) Plaintiff alleges that she subsequently suffered damages as a result of Defendants' wrongful conduct in connection with the development, design, testing, manufacture, distribution and sale of the ASR hip.

On March 13, 2012, Plaintiff filed a complaint in the Eighth Judicial District Court in Clark County, Nevada, against Defendants. (Dkt. no. 1-1.) Defendants removed the

1  action on July 3, 2012.  (Dkt. no. 1.)  On July 13, 2012, Defendants filed a Motion to
2  Stay, arguing that this case will likely be transferred to the Multidistrict Litigation ("MDL")
3  proceedings in the Northern District of Ohio before the Honorable David A. Katz, MDL
4  No. 2197, *In re DePuy Othtopaedics, Inc., ASR Hip Implant Products Liability Litigation*,
5  753 F. Supp. 2d 1378 (J.P.M.L. 2010).  The panel was created in response to a number
6  of lawsuits filed against DePuy and Johnson & Johnson after DePuy initiated a voluntary
7  recall of the ASR hip in August 2010.  The MDL currently involves over 4,400 actions.
8  (Dkt. no. 19-2 at 4.)

9  On July 9, 2012, the United States Judicial Panel on Multidistrict Litigation issued
10 a Conditional Transfer Order on this matter and thirteen similar cases filed against
11 Defendants in the District of Nevada for coordinated or consolidated pretrial proceedings
12 pursuant to 28 U.S.C. § 1407.  (Dkt. no. 19-9 at 3.)  Plaintiff has filed a Motion to Vacate
13 the Conditional Transfer Order, and the MDL panel has scheduled a hearing on
14 Plaintiff's Motion for September 20, 2012 (*see* dkt. no. 22-1 at ¶¶ 4-5).

15 On July 13, 2012, Plaintiff filed a Motion to Remand on an Expedited Basis,
16 arguing that because Plaintiff is 74 years old, she is being "unduly prejudiced" by
17 Defendants' "improper removal."  (Dkt. no. 10 at 3.)  In her Motion to Remand, Plaintiff
18 argues that this lawsuit does not meet the complete diversity requirement because
19 Defendant Precision and Plaintiff are both citizens of Nevada.  Defendants counter that
20 complete diversity exists because Defendant Precision was fraudulently joined.

21 On August 10, 2012, Plaintiff filed a Motion to Expedite Decision regarding her
22 Motion to Remand (dkt. no. 22), asking this Court to resolve her Motion before the MDL
23 panel hears Plaintiff's Motion to Vacate its Conditional Transfer Order (*see* dkt. no. 22 at
24 3).  As the Court addresses Plaintiff's Motion over a month before said hearing, the
25 Motion to Expedite Decision is DENIED as moot.

26 **II.    LEGAL STANDARD**

27 A district court has discretionary power to stay proceedings in its own court.
28 *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398

F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

## III.   DISCUSSION

The Court concludes that granting a stay in this case promotes judicial economy, avoids the risk of inconsistent judgments and results in minimal, if any, prejudice to Plaintiff.

A stay pending an MDL transfer order will avoid duplicative discovery and pretrial management efforts. The parties contest whether this case was properly removed under a theory of federal implied preemption. This same issue is currently pending in five cases currently before the MDL court and in twenty one cases (including this one) which have conditional transfer orders to the MDL court. Therefore, denying Defendants' Motion would result in significant prejudice to Defendants because they would have to endure additional discovery or motion practice, the result of which could create duplicative and potentially inconsistent obligations. *See Lopez v. Tyson Foods, Inc.*, 2008 U.S. Dist. LEXIS 106132 at *6 (D. Neb. Sept. 8, 2008) ("[A]ny additional discovery or motion practice will create duplicative and potentially inconsistent obligations for the defendant."). Further, granting a stay of proceedings pending transfer to MDL 2197 promotes judicial efficiency and consistent adjudication in cases like this one, "when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in other cases as well." David F. Herr, Annotated Manual for Complex Litig. § 22.35 (2012); *see also Moore v. Wyeth-Ayerst Labs*, 236 F. Supp.

2d 509, 512 (D. Md. 2002) (granting a stay because "it furthers the goals of judicial economy and consistency").

Moreover, Plaintiff fails to demonstrate how denying her Motion to Remand without prejudice would prejudice her.[1] Judge Katz can address Plaintiff's Motion to Remand should the transfer order become final, and if it does not, this Court will address Plaintiff's Motion. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.").  In fact, Defendants inform the Court that there are at least seven cases in front of the MDL panel where plaintiffs originally filed motions to remand in the transferor court, and in at least three of them the transferor court deferred deciding on the Motion to Remand in favor of a stay pending transfer.  (Dkt. no. 19 at 7-8.)  And while transfer to the MDL court will extinguish all prior motions pending in the transferor court at the time of transfer, Plaintiff can simply re-file her Motion to Remand upon transfer.  "Allowing the transferee judge to rule on the motion to remand provides for consistent treatment of similar issues and may reduce the burden on litigants and the judiciary." *Moore*, 236 F. Supp. 2d at 511.

Finally, Plaintiff urges the Court act expeditiously on this case because of her age. The experienced and knowledgeable members of the MDL panel are well equipped to decide whether consolidation of Plaintiff's case is prudent. The delay Plaintiff will suffer by waiting on the MDL panel's decision regarding a final transfer order is outweighed by the burden of duplicative discovery and the possibility of inconsistent judgments Defendants could suffer if this case is not stayed. *Accord Yearwood v. Johnson & Johnson*, 2012 WL 2520865, at *3 (D. Md. June 27, 2012) ("the possibility of a slight delay for the Plaintiffs is far outweighed by the possible prejudice faced by the

---

[1] Notably, the Court need not decide the jurisdictional question before granting Defendants' Motion to Stay, because "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

Defendants if this case is not stayed . . . If this Court denies the stay, it would potentially subject Defendant[s] to the significant burden of duplicative litigation.") (internal quotation omitted)).

**IV. CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Stay (dkt. no. 9) is GRANTED pending the MDL court's transfer determination.

IT IS FURTHER ORDERED that Plaintiff's Motion to Remand (dkt. no. 10) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite Decision Regarding her Motion to Remand (dkt. no. 22) is DENIED as moot.

DATED THIS 14th day of August 2012.

UNITED STATES DISTRICT JUDGE